**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:11-CR-15** |
| **v.** § | |
| § | |
| § | |
| § | |
| **DONTE BURTON** § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 23, 2022, alleging that the Defendant, Donte Ramone Burton, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Burton was sentenced on July 25, 2012, before The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of "N/A" and a criminal history category of V, was 60 months. Burton was subsequently sentenced to 33 months of imprisonment and 5 years' supervised release, to run consecutively to any imprisonment term imposed in Eastern District of Texas, Case No. 1:11-CR-9(2), subject to the

standard conditions of release, plus special conditions to include drug aftercare; mental health aftercare; and a $100 special assessment.

On May 12, 2020, Burton completed his period of imprisonment and began service of the supervision term. On May 12, 2020, this case was reassigned to the Honorable Marcia A. Crone, U.S. District Judge in the Eastern District of Texas.

## II. The Period of Supervision

On May 12, 2020, Burton completed his period of imprisonment and began service of the supervision term. On August 12, 2020, the conditions of supervision were modified to include taking mental health medication as directed by a treating physician. On May 25, 2021, a Petition for Warrant for Offender under Supervision was filed in the Eastern District of Texas, which included allegations that Burton allegedly committed the offense of Aggravated Assault with a Deadly Weapon. On July 9, 2021, the Petition for Warrant was recalled because Jefferson County District Attorney's office refused to prosecute because the victim did not wish to cooperate.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising five allegations. The petition alleges that Burton violated the following conditions of release:

> Allegation 1. The Defendant shall not commit another federal, state, or local crime.
>
> Allegation 2. The Defendant shall not posses a firearm, ammunition, destructive device, or other dangerous weapon.
>
> Allegation 3. The Defendant shall not leave the judicial district without the permission of the court or probation officer.
>
> Allegation 4. The Defendant must take all mental health medications prescribed by his treating physician.

<u>Allegation 5.</u> The Defendant must participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

## IV.  Proceedings

On November 8, 2022, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the first allegation that claimed he committed another state, federal, or local crime.  In return, the parties agreed that Burton should serve a term of 24 months' imprisonment, with no supervised release to follow, to run concurrently with case 1:11-CR-9(2).  Furthermore, the Government verbally agreed not to prosecute Burton for any violations related to the events alleged in Allegation #1 of his Petition (Felon in Possession of a Firearm).

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony,

more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class A felony, therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that Burton violated conditions of supervision by committing the offense of Felon in Possession of a Firearm, he will be guilty of committing a Grade B violation.

U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation; the court shall revoke probation or supervised release. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of V, the guideline imprisonment range is 18 to 24 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

      6.   The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he committed a federal, state, or local crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is V. The policy statement range in the Guidelines Manual is 18 to 24 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 24 months with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by committing another federal, state, or local crime. The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 24 months' imprisonment, which shall run concurrently with case 1:11-CR-9(2), with no supervised release

to follow.  The court should recognize that counsel for the Government orally pronounced that it will not prosecute any violations related to Allegation 1 of the Petition (Felon in Possession).

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report.  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

SIGNED this 16th day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge